CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 7 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CEDRIC O. SNEAD,<br>    Plaintiff, | Civil Action No. 7:09CV00198 |
| v. | MEMORANDUM OPINION |
| ALLEGHANY SHERIFF<br>DEPARTMENT,<br>    Defendant. | By: Samuel G. Wilson<br>United States District Judge |

    Pro se Plaintiff Cedric O. Snead, proceeding in forma pauperis, brings this action under 42 U.S.C. § 1983 against the Alleghany County Sheriff's Department, alleging that when he was in the Alleghany Regional Jail his head was slammed against a wall and he was "in the hospital for very bad eye, head, injury, from the act of the law enforcement official." (Compl. 2.) Because Eleventh Amendment sovereign immunity extends to the Alleghany County Sheriff's Department, Snead has not stated a proper defendant for § 1983 purposes. Accordingly, the court sua sponte dismisses his complaint without prejudice. See 28 U.S.C. § 1915(e)(2)(B) (providing that a court "at any time" shall dismiss an in forma pauperis case if the action "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

    "The Eleventh Amendment limits the Article III jurisdiction of the federal courts to hear cases against States and state officers acting in their official capacities." Kitchen v. Upshaw, 286 F.3d 179, 183-84 (4th Cir. 2002). This sovereign immunity "extends also to state agents and state instrumentalities, or stated otherwise, to arms of the State and State officials." Cash v. Granville County Bd. of Educ., 242 F.3d 219, 222 (4th Cir. 2001) (citations and quotations omitted). In Virginia, federal district courts have consistently held that a sheriff and a sheriff's

department are "arms of the Commonwealth of Virginia and that they, therefore, are entitled to invoke the defense of immunity from suit pursuant to the Eleventh Amendment." Blankenship v. Warren County, 918 F. Supp. 970, 974 (W.D. Va. 1996), modified, 931 F. Supp. 447, 449 (W.D. Va. 1996); see also Davis v. County of Amherst, Civil No. 6:07cv00017, 2008 WL 591253 at *1 (W.D. Va. Mar. 3, 2008); Smith v. Fisher, No. Civ.A. 5:01-CV00026, 2002 WL 192563 at *3 (W.D. Va. Feb. 6, 2002); Harris v. Hayter, 970 F. Supp. 500, 502 (W.D. Va. 1997); cf. McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 892-93 (E.D. Va. 1992) (holding that "local jails are arms of the state for Eleventh Amendment purposes" and noting that "members of the Sheriff's office who administer the jails are State officers"). Because "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983," Howlett v. Rose, 496 U.S. 356, 365 (1990), Snead's Complaint does not name a proper defendant.[1] However, to the extent that Snead claims damages for his injuries,[2] Eleventh Amendment immunity would not preclude Snead from bringing an individual capacity § 1983 action against the law enforcement

---

[1] Even if Eleventh Amendment immunity did not extend to the Alleghany County Sheriff's Department, Snead has still failed to state a proper § 1983 claim. Local governments "cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Having alleged no such policy or custom, Snead's complaint does not state a claim for relief against the Alleghany County Sheriff's Department.

[2] It is unclear what type of relief Snead claims, because his compliant only requests that "something [be] done about the abuse I received." (Compl. 2.) However, it appears that Snead has been released from the Alleghany Regional Jail; his release therefore moots any request for injunctive and declaratory relief. Rendelman v. Rouse, --- F.3d ----, 2009 WL 1801530 at *3 (4th Cir. June 25, 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.").

officers responsible for his injury. See Hafer v. Melo, 502 U.S. 21, 30-31 (1991) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983."); Beardsley v. Webb, 30 F.3d 524, 531-32 (4th Cir. 1994) (holding that the Eleventh Amendment does not apply to an individual capacity suit against a Virginia deputy sheriff).

For the above-stated reasons, the court dismisses Snead's complaint without prejudice.

**Enter**: This July 7, 2009.

UNITED STATES DISTRICT JUDGE